10-3708-ag
Bamba v. U.S. Dep't of Justice

BIA
Morace, IJ
A088 775 987

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:
>        JOSÉ A. CABRANES,
>        PETER W. HALL,
>        DENNY CHIN,
>            *Circuit Judges.*

_____

YAH BAMBA, a.k.a. YAYA CAMARA,
>        *Petitioner,*

>        v.                                          10-3708-ag
>                                                    NAC
U.S. DEP'T OF JUSTICE,
>        *Respondent.*

_____

FOR PETITIONER:          Brian I. Kaplan, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ada E. Bosque, Senior
                         Litigation Counsel; Jem C. Sponzo,
                         Trial Attorney, Office of
                         Immigration Litigation, Washington
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yah Bamba, a native and citizen of the Ivory Coast, seeks review of the August 17, 2010, order of the BIA affirming the October 27, 2008, decision of Immigration Judge ("IJ") Philip Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on credibility grounds. *In re Yah Bamba*, No. A088 775 987 (B.I.A. Aug. 17, 2010), *aff'g* No. A088 775 987 (Immig. Ct. N.Y. City Oct. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We find that substantial evidence supports the agency's adverse credibility determination. As an initial matter, Bamba does not challenge the BIA's finding that, despite claiming to be a supporter of the political party Rally for Republicans ("RDR"), he could not explain what the acronym stood for. Accordingly, that finding stands as a valid basis for the agency's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

With respect to the findings that Bamba does challenge, each was proper. Bamba argues that the agency erred in finding that the inconsistent accounts he and his sister provided regarding how he discovered his mother's death, and when his sister learned of the death, undermined his credibility, asserting that "the discrepancies were minor and did not go to the crux of [his] claim." However, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible," without regard to whether those inconsistencies go "'to the heart of the applicant's claim.'" *Xiu Xia Lin v. Mukasey*, 534 F.3d 162,

3

163, 167 (2d Cir. 2008) (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii).  Furthermore, although Bamba contends that he provided a "perfectly plausible explanation for any discrepancies," specifically that he and his sister "had little formal education and . . . were being asked about some events that had taken place some four to six years earlier," that explanation would not compel the agency to conclude that he was credible.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Indeed, Bamba testified that he did not have any difficulty understanding the interpreter's questions during his asylum interview, and neither he nor his sister testified that they had any difficulty answering questions due to their lack of education.

Bamba also argues that the agency erred in relying on the Assessment to Refer produced by the officer who conducted his asylum interview because it was unreliable. We have held that while the record of an asylum interview is more reliable when it describes the specific questions asked or records the interview verbatim, an interview record even without such assurances of reliability may be relied on as a basis for an adverse credibility determination as long as it

4

contains a "meaningful, clear, and reliable summary of the statements made by [the applicant] at the interview." *See Maladho Djehe Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006). Here, the record contained both the officer's Assessment to Refer and his handwritten notes from the interview itself. Thus, although, as Bamba points out, the Assessment and the handwritten notes do not contain precisely the same information, the two documents together provided the agency a "clear[] and reliable summary of the statements made." *Diallo*, 445 F.3d at 631-33 (internal citations and quotations omitted). Moreover, despite Bamba's assertion that there was no information regarding the quality of the interpretation, he testified that he brought his own interpreter and had no difficulty understanding the translation.

Ultimately, the agency's credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Therefore, it did not err in denying Bamba's applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
